CECIL EMMETT v. STATE.

No. A-4466.    Opinion Filed July 26, 1924.

(227 Pac. 894.)

(Syllabus.)

1.    Disturbance of Public Assemblage—Evidence Supporting Conviction for Disturbing Religious Worship. The evidence amply supports the verdict of disturbing a religious meeting.

2.    Same—Refusal of Instruction as to Who Was Aggressor in Combat Held not Erroneous. There was no error in the court's refusing defendant's proffered instruction on the question of who was the aggressor.

3.    Same—Instruction on Self-Defense Held Proper. The instructions given were fair, and covered every issue raised by the evidence.

Appeal from County Court, Pittsburg County; S. F. Brown, Judge.

Cecil Emmett was convicted of disturbing religious worship, and he appeals. Affirmed.

Cad Mathis, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J.   Cecil Emmett, plaintiff in error, here referred to as the defendant, was by verdict of a jury rendered June 13, 1922, in the county court of Pittsburg county, found guilty of the offense of disturbing religious worship, with his punishment fixed at a fine of $75.

On the 26th day of November, 1921, a revival meeting was in progress at a Methodist church in Adamson, Okla. As nearly as we can ascertain from the record, it seems that a number of people were assembled at this meeting in the church, listening to the sermon and exhortations of the minister. There were also a number of people outside the church who were apparently not there for purposes of worship,

among whom was the defendant. A boy 14 years old, by the name of Crisp, who had ridden to church on horseback, and whose horse was tied near the church, went out of church two or three times, as he and others testified, to look after his horse. The defendant asked this boy for permission to take his horse and go get some cigarettes, but the Crisp boy refused to let him ride the horse. The evidence is conflicting as to just how the disturbance commenced, some witnesses testifying that the Crisp boy in addressing the defendant called him an insulting name, and that the defendant then approached and struck him in the face. The Crisp boy staggered into the church, during the service, with his face bleeding, muttering and moaning that he had been hit. The services were halted, and the minister in charge came to the boy and rendered such services as he could.

The record shows, by the testimony of one or more witnesses, that the assault made upon the Crisp boy was unprovoked and wholly without justification; according to the testimony of other witnesses, and of the defendant himself, it was mutual combat, a sort of hoodlum fight. According to either theory of the case the facts proved sufficiently supported the verdict of disturbing religious worship.

The defendant in his brief argues that the court erred in refusing to give requested instructions numbered 1, 2, and 3, relating to the question of which of the two combatants may have been the aggressor. According to the testimony of the defendant himself it would seem that the affray, at best a mutual affair, raised no issue of self-defense, aside from the mere statement of the defendant that he was apprehensive that the Crisp boy would strike him. And the defendant's own testimony was that he was eight or more feet from the platform at the church entrance when the Crisp

boy used the opprobrious epithet, and that he went to the platform and struck him, from where the boy staggered into the church, bleeding.

The court, liberally construing the evidence in the light most favorable to the idefendant, submitted an instruction, which sufficiently covered this feature of the case, as follows:

"Self-defense is a right guaranteed to every individual at all times. Therefore, you are further instructed that, since there has been evidence introduced tending to prove that the difficulty from which the idisturbance in this case is alleged to have occurred, in the event you find such disturbance took place, but you further find that the only participation of the defendant in such disturbance was in his actual and necessary self-defense, then you should finid the defendant not guilty."

It may be that both parties to this difficulty were guilty of disturbing religious worship, but only the question of the guilt of the defendant is before this court. The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.